PROB 12C
(04/08)

pacts id:

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jose Rodrigo Arechiga-Gamboa (English)        **Dkt No.:** 13CR04517-001-DMS

**Reg. No.:** 42130-298

**Name of Sentencing Judicial Officer:** The Honorable Dana M. Sabraw, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952, 960 and 963, Conspiracy to Import Cocaine and Marijuana, a Class A felony

**Date of Revocation Sentence:** December 12, 2019

**Sentence:** 87 months' custody; 5 years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** March 3, 2020

**Asst. U.S. Atty.:** Matthew James Sutton        **Defense Counsel:** Frank J. Ragen II
((Retained))
619-231-4330

**Prior Violation History:** None

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| | |
|---|---:|
| Name of Offender: Jose Rodrigo Arechiga-Gamboa | May 8, 2020 |
| Docket No.: 13CR04517-001-DMS | Page 2 |

The probation officer believes that the offender has violated the following condition of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Standard Condition)**<br>The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. In notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. | 1. On or before May 6, 2020, Mr. Arechiga-Gamboa changed his place of residence without notifying the probation officer. |

***Grounds for Revocation:*** As to this allegation, I have received and reviewed a letter prepared by a U.S. Probation Officer which indicates that on May 6, 2020, an attempt to contact the offender at his residence was made pursuant to a scheduled appointment. Upon arriving at the residence, it was discovered the offender, who was not present, had removed all of his belonging, except his cellular telephone. Subsequent attempts to reach the offender were unsuccessful and his current whereabouts are unknown.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Only weeks after his release from custody and arriving to his supervision district, the offender has absconded from supervised release. At the time of this writing, his whereabouts is unknown. As a result, his adjustment to supervised release is deemed poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

The offender's whereabouts is unknown.

A review of the offender's criminal history does not reveal any additional convictions or arrests.

The presentence report indicates Mr. Arechiga-Gamboa planned to reside in Mexico post-release where he reportedly has family.

There was reportedly no history of substance abuse, health or mental health problems.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (failure to report change of address) constitutes a Grade C violation. USSG §7B1.1(a)(3)(A), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG § 7B1.4, p.s., comment (n. 4) and 18 U.S.C. § 3583(e)(3).

PROB12(C)

Name of Offender: Jose Rodrigo Arechiga-Gamboa  May 8, 2020
Docket No.: 13CR04517-001-DMS  Page 4

### RECOMMENDATION/JUSTIFICATION

Mr. Arechiga-Gamboa, only weeks after his term of supervised release commenced, apparently absconded. Presently, his whereabouts is unknown.

The offender has breached the trust of the Court by committing the noncompliance conduct alleged herein. As such, it is believed a custodial sanction is appropriate to hold the offender accountable for his actions. Should the Court find Mr. Arechiga-Gamboa in violation of his conditions of supervised release, it is recommended his term be revoked with an imposition of a custodial sanction of nine months, commensurate with the totality of the violation conduct. Additionally, it is recommended this custodial sanction be followed by 51 months' supervised release, with the same conditions previously ordered.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 8, 2020

Respectfully submitted:  Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by *(signature)*  *(signature)*
Marc W. Ryan  Kimberly A. Pelot
Senior U.S. Probation Officer  Supervisory U.S. Probation Officer
619-409-5114

PROB12CW                                                                                                          May 8, 2020

# VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Arechiga-Gamboa, Jose Rodrigo

2. **Docket No. (Year-Sequence-Defendant No.):**  13CR04517-001-DMS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to report change of address | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                             [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                        [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                 [3 to 9 months]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____     Community Confinement _____
    Fine ($)         _____     Home Detention                _____
    Other            _____     Intermittent Confinement      _____

PROB12(C)

Name of Offender: Jose Rodrigo Arechiga-Gamboa  May 8, 2020
Docket No.: 13CR04517-001-DMS  Page 6

---

**THE COURT ORDERS:**

__✓__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____  _____5-8-20_____
The Honorable Dana M. Sabraw  Date
U.S. District Judge